UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 14-322(2) (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Derrick Lynch (2), | |
| Defendant. | |

Benjamin Bejar and Thomas M. Hollenhorst, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Derrick Lynch, No. 18165-041, United States Penitentiary-Terre Haute, P.O. Box 33, Terre Haute, Indiana 47808, Pro Se

SUSAN RICHARD NELSON, United States Magistrate Judge

The above matter comes before the Court on Defendant Derrick Lynch's Pro Se Motion to Stay Restitution Orders [Doc. No. 314], filed on December 28, 2016. For the reasons set forth below, the Court denies Defendant's motion.

**I.    BACKGROUND**

The Government's Indictment in this case charged Lynch and his co-defendant Marvin Spencer with robbing a Pawn America store in Roseville, Minnesota, taking approximately $78,350.50 worth of jewelry, and using actual and threatened force, violence, and fear of injury to accomplish the robbery. (Indictment, Counts 1 & 3 [Doc. No. 20].)

On December 17, 2014, Defendant pleaded guilty to Counts 1 and 3 of the

Indictment, which charged him with interference with commerce by robbery, in violation of 18 U.S.C. §§ 2 and 1951, and using and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(iii).  (Minutes of 12/17/14 Hearing [Doc. No. 42].)  And, relevant here, Lynch agreed that, aiding and abetting each other, he and his co-defendant had taken approximately $58,350.50 worth of jewelry.[1]  (Plea Agmt. at 2 [Doc. No. 43].)

Prior to Lynch's sentencing hearing and co-defendant Spencer's trial, the Indictment was superseded to reflect that approximately $58,358.50 worth of jewelry was stolen from Pawn America.[2]  (Superseding Indictment, Count 1 [Doc. No. 93].)  The Government established the amount of loss at the trial of Lynch's co-defendant.  (See Gov't Ex. 83.)

On June 27, 2016, this Court sentenced Lynch to a 180-month term of imprisonment, consisting of 60 months on Count 1, and 120 months on Count 3, to be served consecutively.  (Sentencing J. at 2 [Doc. No. 247].)  In addition, Defendant was ordered to pay a total of $59,171.43 in restitution.  (Id. at 5.)  Specifically, the restitution amount assessed the following: $15,000 to Pawn America Minnesota, LLC, $43,350.50 to

---

[1] Lynch's plea agreement listed jewelry valuations of both $58,350.50 and $78,350.50.  (Plea Agmt. at 2 [Doc. No. 43].)  It is the lesser amount, $58,350.50, which forms the basis of the restitution award.

[2] The Government notes an $8.00 discrepancy between the amount in the restitution numbers ($15,000 + $43,350.50 = $58,350.50) and the proven loss of $58,358.50.  (Gov't's Opp'n Mem. at 3, n.4 [Doc. No. 318].)  The Court agrees that this discrepancy is of no consequence since it inures to Lynch's benefit.  The Court assessed the lower amount, prior to the addition of $820.93 to the Minnesota Crime Victims Reparations Board.

Hanover Insurance Company, and $820.93 to the Minnesota Crime Victims Reparations Board.[3]  (Id.)  Lynch did not contest restitution in his sentencing position papers or at his sentencing.

On December 28, 2016, Defendant filed the instant motion seeking a stay of the restitution order.  While Lynch concedes his culpability as an "aider and abettor" of the charges to which he pleaded guilty, he argues that the Court erred in assessing restitution.  (Def.'s Mot. at 4.)  Lynch appears to argue that the restitution order was not supported by witness testimony or sworn statements.  (Id.)  Rather, he contends that there were no specific findings, "asides [sic] from smashing the display case holding the aforesaid jewelry, that [D]efendant possessed the jewelry which his co-defendant placed in a duffle bag and carried away."  (Id. at 5.)

## II.     DISCUSSION

The Mandatory Victim Restitution Act ("MVRA") provides that a sentencing court may order a defendant who commits a qualifying offense to make restitution to the victim.  18 U.S.C. § 3663A(a)(1).

Defendant appears to argue that there was no finding that he ever possessed the jewelry that was stolen from Pawn America.  (Def.'s Mot. at 3.)  His argument lacks merit.  In his plea agreement, Lynch expressed his understanding that § 3663A of the MVRA applied and that the Court was required to order him to make restitution to the victims of his crimes.  (Plea Agmt. ¶ 10.)  At the change of plea hearing, and as set forth

---

[3] Co-Defendant Marvin Spencer was ordered to pay restitution in the same amount.  (Am. Sentencing J. at 5 [Doc. No. 269].)

in his plea agreement, Lynch admitted to entering Pawn America with co-defendant Spencer, who discharged his weapon; Lynch then smashed the glass display cases and removed the jewelry, placing it in a duffel bag. (Plea Agmt. ¶ 2.)  Lynch agreed that he and Spencer left the store with the stolen jewelry, got into a vehicle, and departed. (Id.) While Lynch now contends that Spencer ultimately retained the duffel bag, (Def.'s Mot. at 3), the fact remains that Lynch pleaded guilty to taking the jewelry and leaving the store with Spencer. (Plea Agmt ¶ 2.)  Where more than one defendant contributes to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution. 18 U.S.C. § 3664(h).  The Eighth Circuit has thus observed that restitution is authorized "'for all of the losses that [the defendant] caused, not simply the losses that wound up in [his] own pocket.'" United States v. Moten, 551 F.3d 763, 768 (8th Cir. 2008) (quoting United States v. Hunt, 521 F.3d 636, 648 (6th Cir. 2008)).

The Court likewise rejects Defendant's argument concerning a lack of findings to support the award of restitution. The government proved the amount of loss at the trial of Lynch's co-defendant.  As noted, Lynch agreed in his change of plea hearing, to having taken approximately $58,350.50 worth of jewelry.  Accordingly, restitution in that amount was properly awarded, in addition to an assessment of $820.93 in favor of the Minnesota Crime Victims Reparations Board.

Finally, Lynch fails to indicate the basis of this Court's alleged jurisdiction to stay the imposition of its restitution order, imposed nearly seven months ago.  For all of these reasons, his motion is denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

Defendant Derrick Lynch's Pro Se Motion to Stay Restitution Orders [Doc. No. 314] is **DENIED**.

Dated: January 18, 2017

                                            s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge